### TOWN OF WALTON v. ADAIR.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

1. COUNTIES—DISPOSITION OF TAXES—TREASURER'S LIABILITY.

Municipal Law, Laws 1892, p. 1736, c. 685, § 12, requires a county treasurer, on receiving town taxes imposed on a railroad, to purchase the bonds of the railroad issued by the town in aid of such road, or to purchase other designated bonds as a sinking fund for the railroad's bonds with the sum remaining after deducting school and highway taxes imposed on the railroad. *Held* that, where a county treasurer paid over to a town supervisor the amount of railroad taxes assessed for town purposes instead of investing the same as provided, evidence that no allowance was made in the tax levy of the year in question for the setting aside of such fund, the full amount of which was necessary to pay town liabilities of that year, that all such liabilities had been paid, and that the town had no revenue or income except from taxation, did not sustain the treasurer's burden of proof that the money was used for the benefit of the town.

2. STATUTES—CURATIVE ACTS—EFFECT.

Under Const. art. 8, § 10, providing that no county, city, town, or village shall hereafter give any money or property or loan its money or credit to or in aid of any individual, Laws 1903, p. 1182, c. 515, validating any payment made in good faith by the treasurer of any county to any town supervisor of the taxes from railroad corporations in the town, did not operate to validate a payment of such taxes wrongfully made by a county treasurer prior to the adoption of such act.

Appeal from Trial Term, Delaware County.

Action by the town of Walton against Hugh Adair. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

For opinion on prior appeal, see 89 N. Y. Supp. 230, 96 App. Div. 75, where a detailed statement of the facts will be found.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

C. L. Anarus, for appellant.
E. H. Hanford, for respondent.

COCHRANE, J.  The defendant, as county treasurer of Delaware county, paid to the supervisor of the plaintiff on the 30th day of January, 1900, $2,062.14, being the taxes received from the New York, Ontario & Western Railroad Company on its assessment in said town of Walton exclusive of taxes for school district and highway purposes. Of this amount $415.26 was for county purposes, and on the previous appeal to this court it was held that the same was properly paid by the defendant to the supervisor.  The remainder of the amount received by the defendant from the railroad company, as above stated, being $1,646.88, was required by section 12 of the general municipal law (Laws 1892, p. 1736, c. 685) to be devoted by the defendant in the manner provided by said law for the purchase and redemption of the outstanding bonds of the plaintiff which had been issued in aid of the construction of said railroad.  The payment of this amount of $1,646.88 by the defendant to the supervisor was therefore unauthorized and illegal, and for this amount with interest the trial court found that the defendant is liable.

The defendant disputes his liability on the ground that the town has had the benefit of this money.  This contention is based largely on the argument that no allowance was made in the tax levy of 1899 for the setting aside of this fund, the full amount of which was necessary for the payment of the town liabilities of that year, and that all such liabilities had been paid, and that the town had no revenue or income except from taxation.  Such conclusion, however, does not necessarily follow from the premises.  It does not appear when all of the town liabilities were paid.  Such liabilities may have been paid from other monies of the town arising from taxation.  The burden was on the defendant to prove that the town had received the benefit of the money in question.  Payment of the said sum of $2,062.14 was made to the supervisor by the defendant in two checks of $262.14 and $1,800.  The proceeds of the former check were received in cash by the supervisor personally, and no attempt was made to trace such proceeds.  The $1,800 check was deposited in the bank to the credit of the account of the supervisor; the proceeds thereof being mingled with other funds of the town.  Against this account the supervisor drew checks in payment of claims against the town and also for his individual purposes.  The trial court has found as facts that the amounts so drawn from said bank in payment of the claims against said town were less than the said deposit of town monies in said bank exclusive of said deposit of said $1,800 check; that no part of the sum of $1,646.88 paid to the supervisor by the defendant as county and state taxes was used by the supervisor in the payment of claims against the town; and that the town never received any benefit therefrom, but that the said sum of $1,646.88 was appropriated by the supervisor for his individual purposes.  The evidence is sufficient to sustain these conclusions of the learned trial court.

The defendant further insists that by chapter 515, p. 1182, of the Laws of 1903, passed since the commencement of this action, amending section 12 of the general municipal law, the payment in question to the supervisor was legalized.  This contention was considered and an-

swered adversely to the defendant on the former appeal. He, however, insists that this question was then improperly decided and calls our attention to the case of Mayor, etc., of New York v. Tenth National Bank, 111 N. Y. 446, 18 N. E. 618. In that case the defendant had without legal authority made advancements for the construction of the county courthouse in New York county, some of which monies thus improperly advanced had been misappropriated by the officers to whom the advancements were made. Chapter 9, p. 27, of the Laws of 1872, authorized the city comptroller to pay back to the defendant and other banks similarly situated all monies advanced by said banks for the use of any of the departments or commissions of the city or county of New York. It will be observed that the act of 1872, which the court had under consideration in that case, was passed before the adoption of the constitutional provision that "no county, city, town or village shall hereafter give any money or property or loan its money or credit to or in aid of any individual." This constitutional provision was first adopted in 1874 and went into effect in 1875 and now is a part of section 10 of article 8 of the present state constitution. In Matter of Greene, 166 N. Y. 493, 60 N. E. 183, the case of Mayor, etc., of New York v. Tenth National Bank, was distinguished as having reference to an act passed before the constitutional provision above referred to; the court saying that the case last cited was decided in 1888, but involved an act passed prior to 1875, and that the constitutional amendments referred to took effect in 1875. The town has a cause of action against the defendant. This cause of action is property. The construction of the act of 1903, as contended for by defendant, and as applied to this action, would result in giving to the defendant this cause of action or property which belongs to the town, and therefore this contention of the defendant is within the constitutional prohibition above set forth.

The judgment should be affirmed, with costs. All concur.